UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

T̲h̲e̲ U̲n̲i̲t̲e̲d̲ S̲t̲a̲t̲e̲s̲ o̲f̲ A̲m̲e̲r̲i̲c̲a̲,

    Plaintiff,

v.

D-1 T̲h̲o̲m̲a̲s̲ R̲o̲b̲i̲n̲s̲o̲n̲,

    Defendant.

_____/

Case No.  08-20537

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

## ORDER DENYING DEFENDANT'S MOTION [115] FOR RETROACTIVE APPLICATION OF SENTENCING GUIDELINES

Before the Court is Defendant's Motion for Retroactive Application of Sentencing Guidelines [115]. The Government filed a Response [118] per the Court's Order [116].

On April 28, 2010 a Plea Agreement [85] was filed in which Defendant pleaded guilty to Counts 1 and 7 of the Indictment [1]. Count 1 charged violation of 21 USC § 841(a)(1) and 21 USC § 846, Conspiracy to Distribute Controlled Substances. Count 7 charged violation of 21 USC § 841(a)(1), Distribution of a Controlled Substance. In the Plea Agreement [85], as to Count 1, Defendant stipulated that between September 27, 2007 and May 19, 2008 he conspired to distribute more than fifty grams of crack cocaine. In the Plea Agreement [85], as to Count 7, Defendant stipulated that on March 17, 2008 he distributed more than five grams of crack cocaine. Title 21 USC § 841(2009) carried a minimum ten-year sentence for Defendant's guilty plea to Count 1 and a minimum five-year sentence for Defendant's guilty plea to Count 7. This Court imposed both minimum sentences, to be served concurrently, in a Judgment [97] filed on August 3, 2010. Additionally, this Court imposed five years of supervised release for each

count, the statutory minimum, also to be served concurrently. Defendant has now filed a Motion [115] for re-sentencing pursuant to Amendment 750 of the Fair Sentencing Act of 2010.

The Fair Sentencing Act of 2010 (FSA) became effective August 3, 2010. Among other things, the FSA increased the quantities of crack cocaine that trigger the five- and ten-year federal statutory mandatory minimum penalties. As of this writing, all federal courts of appeals have held that the FSA does not apply to defendants whose sentences had already been imposed under the former statute and Guidelines as of the effective date of the FSA. *United States v. Goncalves*, 642 F.3d 245, 252-55 (1st Cir. 2011); *United States v. Diaz*, 627 F.3d 930, 931 (2d Cir. 2010) (per curiam); *United States v. Reevey*, 631 F.3d 110, 115 (3d Cir. 2010); *United States v. Bullard*, 645 F.3d 237, 248-49 (4th Cir. 2011); *United States v. Doggins*, 633 F.3d 379, 384 (5th Cir. 2011); *United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010); *United States v. Powell*, 652 F.3d 702, 710 (7th Cir. July 13, 2011); *United States v. Brewer*, 624 F.3d 900, 909 n.7 (8th Cir. 2010); *United States v. Baptist*, 646 F.3d 1225, 1226-28 (9th Cir. 2011) (per curiam); *United States v. Lewis*, 625 F.3d 1224, 1228 (10th Cir. 2010); *United States v. Gomes*, 621 F.3d 1343, 1346 (11th Cir. 2010) (per curiam). As to the class of defendants who were sentenced before August 3, 2010, the General Savings Statute requires this Court to apply the penalties in place at the time the crime was committed, unless the new enactment expressly provides for its own retroactive application. 1 U.S.C. § 109. Congress did not expressly make FSA's sentence reduction retroactive.

The FSA became effective August 3, 2010. Under the FSA, Defendant would have been subject to a five-year mandatory minimum. Defendant was sentenced on July 26, 2010. Under the Guidelines effective on July 26, 2010, Defendant was subject to a ten-year mandatory minimum. The court of appeals jurisprudence on the FSA dictates that because Defendant was

sentenced a mere eight days before the FSA became effective he must serve five more years in prison. This Court is bound by the Sixth Circuit's ruling in *Carradine*.

Therefore,

It is **HEREBY ORDERED** that Defendant's Motion [115] for retroactive application of sentencing guidelines is **DENIED**.

**SO ORDERED.**

s/Arthur J. Tarnow
ARTHUR J. TARNOW
SENIOR UNITED STATES DISTRICT JUDGE

Dated: January 24, 2012

---

**CERTIFICATE OF SERVICE**

I hereby certify on January 24, 2012 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on January 24, 2012: **Thomas Robinson; 43816-039, FCI Milan, P.O. Box 1000, Milan, MI 48160.**

s/Michael E. Lang
Deputy Clerk to
District Judge Arthur J. Tarnow
(313) 234-5182