UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

D-1 THOMAS ROBINSON,

        Defendant.
_____/

CASE NO. 08-20537-1

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

**ORDER FINDING DEFENDANT'S MOTION TO VACATE SENTENCE [165] MOOT AND GRANTING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE [168]**

    Before the Court is Defendant Robinson's Motion to Vacate Sentence Under 28 U.S.C. § 2255 [165], and Defendant's Motion for Reduction of Sentence Pursuant to the Fair Sentencing Act and the 2011 Crack Guideline Amendments [168].

    For the reasons stated below, Defendant's Motion to Vacate [165] is found MOOT, and Defendant's Motion for Reduction of Sentence [168] is GRANTED. Defendant Robinson will be resentenced pursuant to this order.

### Procedural History

    On April 28, 2010, a Plea Agreement [85] was filed in which Defendant pleaded guilty to Counts 1 and 7 of the Indictment [1]. Count 1 charged violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846, Conspiracy to Distribute Controlled Substances, in the amount of 73.02 grams of crack cocaine. Count 7 charged violation of 21 USC § 841(a)(1), Distribution of a Controlled Substance, in the amount of 8.36 grams of crack cocaine.

This Court held a sentencing hearing on July 26, 2010. The Plea Agreement [85] established that Defendant's sentencing guideline range was 135-168 months based on an offense level of thirty-three and a criminal history category of I. At the time of Defendant's sentencing, Count 1 required a mandatory minimum sentence of ten years, and Count 7 held a mandatory minimum sentences of five years. This Court imposed both minimum sentences, to be served concurrently, in a Judgment [97] filed on August 3, 2010.

Defendant filed its Motion to Vacate [165] on May 23, 2013, and its Motion for Reduction of Sentence [168] on May 28, 2013.

**Analysis**

Defendant now seeks retroactive application of the Fair Sentencing Act of 2010, and a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1.B1.10.

The Fair Sentencing Act of 2010 reduced sentences for crack cocaine related drug offenses, including the mandatory minimum sentences imposed in this case. *See* 21 U.S.C. § 841(b) (increasing the amount of crack from 50 grams to 280 grams to trigger the 10-year mandatory minimum and from 5 grams to 28 grams to trigger the five-year mandatory minimum). The Sixth Circuit Court has recently held that this reduction must be applied retroactively to all defendants, including those defendants sentenced before the passage of the Act. *See United States v. Cornelius Demorris Blewett 12-5226 & Jarreous Jamone Blewett 12-5582*, __F.3d__ , 2013 U.S. App. LEXIS 9889, at *3 (6th Cir. 2013)(petition pending for en banc review). The Sixth Circuit Court specifically rejected the Government's objection that § 3582(c)(2) prohibits the courts from altering a mandatory minimum sentence. The court in *Blewett* held that "[t]he statutory minimums

have been reduced and incorporated into the guidelines by the Sentencing Commission. The old, repealed discriminatory minimums are no longer a part 'of the operation of' the sentencing system. They should not be used to foreclose 'lowering the defendant's applicable guideline range.' *Id*. at 30 (*citing* 18 U.S.C. § 3582(c)(2)).

It should be noted that this Court has already granted resentencing in the case of co-Defendant Cedarrius Frost, who was charged with and pled guilty to an identical count of conspiracy to distribute. This Court granted resentencing based upon the Supreme Court's ruling in *Dorsey*. The Fair Sentencing Act took effect on August 3, 2010. Based on this date, the Court in *Dorsey* held that the Fair Sentencing Act applied to "those offenders whose crimes preceded August 3, 2010, but who are sentenced after that date." *Dorsey v. United States*, 132 S. Ct. 2321, 2331 (U.S. 2012). Because co-Defendant Cedarrius Frost was sentenced on August 20, 2010, the Fair Sentencing Act may be applied to modify his sentence. The difference between co-Defendant Cedarrius Frost and the instant case is that Defendant Cecil Frost was sentenced prior to August 3, 2010. The Sixth Circuit Court's ruling in *Blewett* cures this unjust outcome.

Therefore, the revised mandatory minimum sentences of the Fair Sentencing Act must be retroactively applied in this case.

## Conclusion

For the reasons state above, Defendant's Motion for Reduction of Sentence [168] is GRANTED. Because Defendant's Motion to Vacate Sentence [165] requests similar relief as that relief now granted under the Motion for Reduction of Sentence [168], the Motion to Vacate [165] is MOOT.

Therefore,

3

**IT IS HEREBY ORDERED** that Defendant's Motion for Sentence Reduction [168] is **GRANTED**. Pursuant to this order, Defendant will be resentenced on July 15, 2013 at 2:30 p.m.

**IT IS FURTHER ORDERED** that Defendant's Motion to Vacate [165] is **MOOT**.

**SO ORDERED**.

                                                     s/Arthur J. Tarnow
                                                     ARTHUR J. TARNOW
                                                     SENIOR UNITED STATES DISTRICT JUDGE

Dated: June 13, 2013