UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

   Plaintiff,

v.

THOMAS ROBINSON,

   S:
   Defendant.

_____/

Case No. 08-20537-1

SENIOR UNITED STATES DISTRICT
JUDGE ARTHUR J. TARNOW

**ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION [176];
DENYING DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT [185];
VACATING ORDER GRANTING DEFENDANT'S MOTION FOR REDUCTION OF
SENTENCE AND DENYING AS MOOT DEFENDANT'S MOTION TO VACATE, SET
ASIDE, OR CORRECT SENTENCE [172]; AND ORDERING THE UNITED STATES TO
RESPOND TO DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT
SENTENCE [165]**

On April 28, 2010, a Plea Agreement [85] was filed in which Defendant pleaded guilty to Counts 1 and 7 of the Indictment [1]. Count 1 charged violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846, Conspiracy to Distribute Controlled Substances, in the amount of 73.02 grams of crack cocaine. Count 7 charged violation of 21 U.S.C. § 841(a)(1), Distribution of a Controlled Substance, in the

1

amount of 8.36 grams of crack cocaine. On July 26, 2010, the Court imposed statutory mandatory minimum sentences, to be served concurrently, of ten years on Count 1 and five years on Count 7.

Defendant filed a Motion to Vacate, Set Aside, or Correct Sentence [165] on May 23, 2013, and a Motion for Reduction of Sentence [168] on May 28, 2013. He filed a Supplement to Motion for Reduction of Sentence [169] on June 5, 2013. On June 13, 2013, the Court issued an Order [172] granting Defendant's motion to reduce his sentence under the Fair Sentencing Act of 2010 (FSA), relying on the Sixth Circuit's decision in *United States v. Blewett* (*Blewett I*), 719 F.3d 482 (6th Cir. 2013), *rev'd United States v. Blewett* (*Blewett II*), 746 F.3d 647 (6th Cir. 2013) (en banc). In the same Order, the Court held Defendant's Motion to Vacate [165] moot because it similarly sought a reduction of sentence. The Court held a resentencing hearing on July 15, 2013. On that date, the Court adjourned resentencing pending the Sixth Circuit's en banc review of *Blewett I*. On April 27, 2015, Defendant filed a pro se Motion for Relief from Judgment [185].

The Court grants Defendant's Motion for Reconsideration [176] and vacates its Order Granting Defendant's Motion for Reduction of Sentence and Denying as Moot Defendant's Motion to Vacate, Set Aside, or Correct Sentence [172]. In that Order, the Court granted Defendant's motion to reduce his sentence under the FSA

2

because a panel of the Sixth Circuit had held, in *Blewett I*, that the FSA applied retroactively to defendants sentenced before the FSA's effective date. 719 F.3d at 484. However, *Blewett I* was reversed upon rehearing en banc. *Blewett II*, 746 F.3d at 650–60. Because the legal basis for the Court's ruling on Defendant's motion to reduce his sentence was overturned, the Court vacates the ruling. That ruling, in turn, was the basis for the Court's ruling that Defendant's Motion to Vacate, Set Aside, or Correct Sentence [165] was moot. That ruling is also vacated; Defendant's motion to vacate his sentence is no longer moot. The United States is ordered to file a response to Defendant's motion to vacate his sentence within 21 days after entry of this Order.

The Court denies Defendant's Motion for Relief from Judgment [185]. The motion is moot to the extent that it asks the Court to rescind its prior conclusion that Defendant's motion to vacate his sentence was moot; as explained above, the Court is rescinding that conclusion pursuant to Defendant's motion for reconsideration. To the extent the motion asks the Court to vacate its prior order denying Defendant's motion to reduce his sentence, the Court cannot grant such relief because the Court never entered such an order.

Finally, to the extent the motion asks the Court to reduce Defendant's sentence and order his immediate release, the motion is meritless. Defendant

3

argues that because the Court could have applied *Blewett I* to reduce his sentence before that decision was vacated and ultimately reversed, the Constitution's Ex Post Facto Clause prohibits the Court from denying his motion for reduction under the holding of *Blewett II*. However, the Ex Post Facto Clause itself only limits the legislature, not the courts. *See Ruhlman v. Brunsman*, 664 F.3d 615, 619 (6th Cir. 2011) (citing *Rogers v. Tennessee*, 532 U.S. 451, 456 (2001)). A court may violate the *Due Process* Clause on ex post facto grounds, but only if the court grants retroactive effect to a "judicial construction of a criminal statute [that] is unexpected and indefensible by reference to the law which had been expressed prior to *the conduct in issue*." *Id.* at 620 (quoting *Bouie v. City of Columbia*, 378 U.S. 347, 354 (1964)) (emphasis added). Even if the Sixth Circuit's construction of the FSA in *Blewett II* could be deemed sufficiently "unexpected and indefensible" in light of *Blewett I*, the fact remains that *Blewett I* expressed its construction of the FSA *after* the conduct underlying Defendant's convictions.

For the reasons stated above,

**IT IS ORDERED** that Defendant's Motion for Reconsideration [176] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Relief from Judgment [185] is **DENIED**.

4

**IT IS FURTHER ORDERED** that the Court's Order Granting Defendant's Motion for Reduction of Sentence and Denying as Moot Defendant's Motion to Vacate, Set Aside, or Correct Sentence [172] is **VACATED**.

**IT IS FURTHER ORDERED** that the United States will file a response to Defendant's Motion to Vacate, Set Aside, or Correct Sentence [165] within 21 days after entry of this Order.

**SO ORDERED**.

Dated: September 30, 2015

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge